VEVE *v.* THE ESPERANZA CENTRAL SUGAR CO.

APPEAL from the District Court of Humacao.

No. 175.—Decided December 2, 1907,

SECURING EFFECTIVENESS OF JUDGMENT—RESCISSION OF CONTRACT—OBLIGATION NOT TO DO.—Rescission is not an obligation, but on the contrary is the annulment or cancellation of an obligation, contract or will, and consequently in an action for the rescission of a contract a motion to secure the effectiveness of judgment based on subdivision D of section 2 of the Act of March 1, 1902.

The object of such an action is not to prevent the performance of an act, nor does the obligation, the enforcement of which is sought, consist in not doing a thing, but the purpose is to secure the rescission of all the obligations stipulated in the contract.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This is an appeal from the District Court of Humacao.

Clotilde Veve y Díaz owns an extensive interest as co-owner of the Concepción Estate within the Municipal District of Fajardo, and on March 31, 1906, she entered into a contract by public deed for the sale and delivery of products with the Esperanza Central Sugar Co., represented by its general manager, Cornelius F. Field.

Both contracting parties stipulated what they saw fit with respect to the number of *cuerdas* of sugar-cane which the grower was to plant, fertilizer, kinds of sugar-cane, transportation, weight, grade, price, etc., etc., all of which appears in the said deed.

Clotilde Veve y Díaz, on June 4, 1907, filed a complaint in the District Court of Humacao alleging facts tending to show that the defendant company had not complied with the stipulations of said contract, and praying that judgment be rendered holding that it was rescinded, and adjudging said defendant to pay the damages stated, amounting to the sum of $44,229.66, her claims being based on section 1091 of the Revised Civil Code. The deed mentioned above and another deed of April 27, 1906, involving a loan secured by mortgage executed by the plaintiff in favor of the defendant company for the sum of $40,000, form part of this complaint.

The defendant has not been summoned.

There is another petition dated June 5, 1907, sworn to on the 11th and presented before the same court, to secure the effectiveness of the judgment which might be rendered in the

action, and alleging that the complainant seeks the performance of an obligation not to do something—that is to say, the recission of the contract of March 31, 1906—and, basing her petition on subdivision (d) of section 2 of the act to secure the effectiveness of judgments, approved March 1, 1902, she prays:

1. That the defendant company be forbidden to continue executing the contract referred to and that it discontinue grinding and cease to attempt to grind the sugar-cane belonging to the plaintiff.

2. Attachment of the machinery, establishments and railway of said factory sufficient to cover the $44,429.66 claimed as damages in the complaint.

3. That all processes be served on the manager of the company, Cornelius F. Field.

4. That the marshal serve the order to secure the effectiveness of the judgment, and issue an order to the registrar of property to enter the proper cautionary notice.

This petition to secure the effectiveness of the judgment was supplemented by certain facts tending to show the nonperformance of a number of stipulations by the defendant company—that is to say, by the protest of the plaintiff on account of nonperformance of the contract—and the protest for nonpayment of a check for $1,071.05, the documents establishing these facts being attached to the petition by the plaintiff.

The District Court of Humacao, by order of June 14, 1907, denied the petition to secure the effectiveness of the judgment.

Thereupon the petitioner, invoking the act approved March 3, 1905, contested this decision and prayed for a reconsideration thereof, and the court, on July 3, 1907, sustained its denial on the ground that "the obligation being one to do a thing, the provisions of rule (d) of section 370 of the Revised Statutes, which relates to obligations not to do something, do not apply."

An appeal was taken therefrom on July 10, and it was maintained in the brief filed, as also in the oral arguments of counsel, that the complaint involves an obligation consisting in not doing a thing, and consequently all that which has been sought to secure the effectiveness of the final judgment is proper, and therefore he prayed for the reversal of the decision appealed from.

We believe that there has been here a confusion of concepts which have different significance and scope.

What is sought in the complaint is the rescission of a contract, but a rescission is not an obligation; on the contrary, a rescission is the annulment or invalidation of some obligation, contract, or will.

And if a rescission is not an obligation it cannot properly be said that what is sought in the complaint is an obligation not to do a thing, for the purpose of securing thereby the effectiveness of the final judgment which might be rendered in the action.

It is true that the interests of the plaintiff might be furthered if the defendant were not to continue to execute the contract, but the action having been brought for the rescission of the contract it might perhaps have been possible, although we do not assure it, to find a more adequate remedy to prevent these acts in execution of the agreement, until the question already laid before the court were definitely decided.

It is true that between the English and the Spanish texts of the act to secure the effectiveness of judgments, approved March 1, 1902, certain differences in words are to be noted which, however, do not alter the real meaning of the law.

At any rate, it appears that the petitioner, as we have seen, bases her petition to secure the effectiveness of the judgment on rule (d) of section 370 of the Revised Statutes—that is to say, section 2 of the Act approved March 1, 1902.

And her petition is not included either under the provisions of subdivision (d) of the English text or under subdivision

(d) of the Spanish text, inasmuch as the purpose of the action is not to prevent the execution of an act; nor does the obligation the enforcement whereof is sought consist in not doing something, but, on the contrary, the purpose of the action or complaint is to secure the rescission of the contract—that is to say, the dissolution or invalidation of all the obligations therein stipulated.

It is likewise true that damages are sought and specified in the complaint seeking the rescission, and that the amount thereof is stated, and with respect to them, although we do not assure nor discuss the matter at this moment, the case might be included under the provisions of subdivision (h) of the aforementioned act, which provides as follows:

"'With respect to cases not provided for in the preceding rules the court shall, in its discretion and in accordance with equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment."

But considering the manner in which the security for the effectiveness of the judgment has been requested and denied, nothing is left but to affirm the decisions rendered by the judge of the District Court of Humacao on June 10 and July 3 last. 

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.